# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| YUSEF LATEEF JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV408-110 |
| | ) | [underlying CR406-258] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Yusef Jackson has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 3.) For the following reasons, Jackson's motion should be **DENIED**.

## I. BACKGROUND

On August 10, 2006, a federal grand jury indicted Jackson for possession of a stolen firearm and possession of a firearm by a convicted

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-110. "Cr. Doc." refers to documents filed under movant's criminal case, CR406-258.

felon. (Cr. Doc. 1 at 1.) The first count was dismissed, and a redacted indictment was entered charging Jackson solely with possession of a firearm by a convicted felon. (Cr. Docs. 44, 61, 63.) The jury convicted Jackson, and he was sentenced to serve 120 months' imprisonment and 3 years' supervised release. (Cr. Docs. 74, 90.) He was fined $2500. (Cr. Doc. 90.) Jackson appealed on April 4, 2007. (Cr. Doc. 91.) On September 21, 2007, the Eleventh Circuit affirmed his conviction and sentence. United States v. Jackson, 249 F. App'x 130 (11th Cir. 2007).

Jackson is currently incarcerated at Rogers State Prison in Reidsville, Georgia. (Doc. 1 at 1.) His timely 28 U.S.C. § 2255 motion, filed on June 16, 2008, asserts six grounds for relief. As most of his grounds for relief revolve around his arrest and confession, the Court will briefly relate the facts underlying his contentions.

At approximately 4:00 p.m. on the afternoon of August 8, 2006, a Savannah police officer observed Yusef Jackson operating a motor vehicle without wearing his seatbelt. (Cr. Doc. 30. at 1.) The officer, who knew that Jackson was wanted for questioning in connection with a homicide, conducted a traffic stop for the seatbelt violation. (Id. at 2.) Concerned

that Jackson might be dangerous, an officer who responded as backup frisked Jackson to check for weapons and discovered "an elongated plastic item" in Jackson's pants pocket that was found to contain marijuana. (Id. at 3.) During a search of the vehicle, officers removed a .357 magnum revolver from under the driver's seat and determined that the weapon had been reported stolen. (Id.; Cr. Doc. 94 at 8, 68-69.) A fingerprint recovered from the weapon matched the prints of a Mr. Rountree. (Id. at 67-68.) Rountree refused to be interviewed. (Doc. 68.) During his post-arrest questioning, Jackson made certain self-incriminatory statements that were later used against him at trial. (Id. at 70-90, 114-134.)

In Jackson's present motion, he argues that:

(1)     the arresting officers illegally detained him in violation of the Fourth Amendment;

(2)     the arresting officers searched him in violation of the Fourth Amendment;

(3)     his confession was coerced;

(4)     the prosecution unconstitutionally relied upon evidence from the illegal arrest and search at trial;

(5)     counsel was ineffective for failing to: (i) move to suppress the marijuana discovered during the Terry frisk; (ii) request an "equal theories charge," (iii) request a directed verdict; (iv)

object to venue and jurisdiction; (v) call Mr. Rountree; (vi) prepare adequately for trial and object to prosecutor's untimely disclosure of evidence; (vii) prepare or present evidence relating to a murder investigation; (viii) timely move to suppress statements taken in violation of <u>Miranda</u>; and (ix) notify the court that the officers never asked for consent to search the vehicle and argue that the stop was pretextual based upon the police dispatch tape; and

(6)    his due process rights were violated by: (i) the admission of the confession; (ii) the federal court's failure to refer to state law governing the arrest; (iii) the defense attorney's lack of preparation for trial; (iv) the government's failure to provide him with certain exculpatory evidence; and (v) the trial judge's denial of his request to produce the police dispatch tape.

(Doc. 1 at 4-8.)  The government responded in opposition to Jackson's motion on July 26, 2008.  (Doc. 3.)

## II.    ANALYSIS

### A.    Claims Addressed on Appeal

On appeal, Jackson argued that the traffic stop of his vehicle, and the ensuing frisk and search, violated his Fourth Amendment rights and that his statements in the subsequent interrogation were involuntary. <u>Jackson</u>, 249 F. App'x at 131.  The Eleventh Circuit upheld this Court's finding that the stop, frisk, and search were lawful and held that Jackson's confession

4

was properly admitted. Id. at 132-134. In the first four grounds of the present petition, Jackson once again challenges the allegedly illegal traffic stop, frisk, search, and subsequent confession. (Doc. 1 at 4-5.) Additionally, in part (i) of ground six, Jackson asserts that his confession should not have been admitted without an evidentiary hearing to establish whether it was properly obtained. (Id. at 8.) As the appellate court determined that the stop, frisk, and search were lawful, and that the confession was properly admitted, this Court cannot reexamine these grounds in the absence of extraordinary circumstances. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). As Jackson has not alleged any extraordinary circumstances justifying reconsideration of these issues, they should be denied. Nyhuis, 211 F.3d at 1343.

## B.    Ineffective Assistance of Counsel

Jackson raises nine grounds of ineffective assistance of counsel on the part of his trial attorneys, Brian Dennison and Michelle Henderson. (Doc. 1 at 7.) In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a movant

received ineffective assistance of counsel. First, he must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, movant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the prejudice prong, movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>see also</u> <u>Lightbourne v. Dugger</u>, 829 F.2d 1012, 1022 (11th Cir. 1987); <u>Boykins v. Wainwright</u>, 737 F.2d 1539, 1542 (11th Cir. 1983).

With these considerations in mind, the Court will now turn to Jackson's individual claims.

     i.      *Failing to move to suppress the marijuana discovered during the* <u>Terry</u> *frisk*

Jackson contends that counsel was ineffective for failing to file a motion to suppress the marijuana discovered during the <u>Terry</u> frisk. (Doc. 1 at 7.) The record reveals, however, that Ms. Henderson *did* file a motion to suppress all evidence obtained as a result of the traffic stop. (Cr. Docs. 9 & 10.) And she specifically argued that the <u>Terry</u> frisk in question was unwarranted.[2] (Cr. Doc. 28 at 3.) As counsel did move to suppress the evidence seized as a result of the stop and frisk, she cannot be said to have performed deficiently on this ground.

     ii.      *Failing to request an "equal theories" charge*

---

[2] At the suppression hearing, Ms. Henderson appeared on behalf of Jackson. Mr. Dennison presented Jackson's case at trial.

Jackson contends that counsel was ineffective for failing to request an "equal theories charge." (Doc. 1 at 7.) He is apparently referring to several state cases where defendants have sought a "two equal theories" jury charge, which states that "where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused." Jackson v. State, 543 S.E.2d 770, 772 (Ga. Ct. App. 2000). The charge is often requested when only circumstantial evidence supports a conviction. See Smith v. State, 452 S.E.2d 494, 497 (Ga. 1995). It essentially restates the prosecution's burden to prove a defendant's guilt beyond a reasonable doubt. Mims v. State, 443 S.E.2d 845, 847 (Ga. 1994) (Hunt, J., concurring). Here, the district judge clearly explained the government's burden of proof during Jackson's trial. (Cr. Doc. 95 at 140.) He stated that "every defendant is presumed by law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all. . . . The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty." (Id. at 139-40.)

Although the Constitution requires the government to prove a defendant guilty beyond a reasonable doubt, it does not require that "any particular form of words be used" in defining the concept of "beyond a reasonable doubt." Victor v. Nebraska, 511 U.S. 1, 5 (1994). Consequently, counsel's failure to ask the Court to restate that burden into some particular incantation of magic words cannot be said to have been deficient performance. This ground for relief is without merit.[3]

### iii. *Failure to move for a directed verdict*

Jackson contends that counsel was ineffective for failing to move for a directed verdict of acquittal based upon the government's failure to meet its burden of proof beyond a reasonable doubt. (Doc. 1 at 7.) To satisfy its burden, the government needed to prove beyond a reasonable doubt that "'the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce.'" United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005) (quoting United States v. Hall, 77 F.3d 398, 402 n.4 (11th Cir. 1996)). Jackson stipulated to the

---

[3] Additionally, the Georgia Court of Appeals has gone so far as to say that such a two-equal-theories charge "does not accurately state the principle addressed and should never be given." Johnson v. State, 435 S.E.2d 458, 461 (Ga. Ct. App. 1994).

second and third elements,[4] leaving only the question of whether he knowingly possessed the firearm. (Cr. Doc. 94 at 10, 19.) Counsel moved for a directed verdict on the issue of knowing possession. (Id. at 58.) The trial judge denied the motion. (Id. at 59.) As counsel moved for a directed verdict on the sole issue to be decided at trial, he cannot be said to have performed deficiently for failing to do so.

    iv.   *Failing to object to the court's venue and jurisdiction*

Jackson contends that counsel was ineffective for failing to object to the trial court's venue and jurisdiction. (Doc. 1 at 7.) This is an utterly frivolous claim. Criminal defendants have a constitutional and statutory right to be tried in the state and district in which the crime was committed. United States v. Brunty, 701 F.2d 1375, 1380 (11th Cir. 1983). The grand jury charged Jackson with possession of a firearm in Chatham County, within the Southern District of Georgia. (Cr. Doc. 1 at 2; Cr. Doc. 61 at 1.) Evidence at trial showed that Jackson's offense occurred exclusively in Savannah, Chatham County, Georgia. (Cr. Doc. 94 at 21-23.) Accordingly, venue lay in the Southern District of Georgia. Fed. R. Crim. P. 18 ("Unless

_____

[4] Jackson does not challenge the stipulations in his § 2255 motion.

a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."); see United States v. Burroughs, 830 F.2d 1574, 1580 (11th Cir. 1987); United States v. Brantley, 733 F.2d 1429, 1433 (11th Cir. 1984).

Further, this Court has original subject matter jurisdiction over all offenses against the laws of the United States. See 18 U.S.C. §3231. Federal law prohibits possession of a firearm by a convicted felon. 18 U.S.C. § 922(g). The Eleventh Circuit has explicitly held that § 922(g) was a valid exercise of Congress' power under the Commerce Clause. United States v. Scott, 263 F.3d 1270, 1273-74 (11th Cir. 2001); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996). As Jackson was indicted for committing an offense against the laws of the United States and the statute itself has been explicitly upheld as constitutionally sound on several occasions, the Court had subject matter jurisdiction to hear the case. "Counsel cannot be labeled ineffective for failing to raise issues which have no merit." Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990).

v.    *Failing to call Rountree*

Jackson alleges that counsel was ineffective for failing to call Mr. Rountree as a witness. (Doc. 1 at 7.) The burden in establishing ineffective assistance based upon counsel's failure to call a witness is particularly high. Under the performance prong, many courts have noted that the decision to call some witnesses and not others is "the epitome of a strategic decision" protected under Strickland. Waters v. Thomas, 46 F.3d 1506, 1518-19 (11th Cir. 1995) (en banc). Under the prejudice prong, the burden is also particularly high because "allegations of what a witness would have testified to are largely speculative." Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006) (quoting United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980)). Jackson cannot meet his burden under either prong.

Rountree was the person whose fingerprints were on the .357 revolver Jackson was convicted of possessing. (Doc. 1 at 7; Doc. 3 at 14.) Jackson avers that Rountree could have testified as to the gun's ownership. (Doc. 1 at 7.) But the gun's ownership was never in question. As noted above, all that the government needed to prove was that Jackson *knowingly possessed* the firearm at the time of his arrest. That is, the government was required

to show only that Jackson knew that the firearm was present and he had some level of control over it. Rountree's testimony regarding his ownership of the gun would have been largely irrelevant to that inquiry. Consequently, counsel's decision not to call Rountree was protected under Strickland's performance prong. Furthermore, as the testimony would have had little bearing on the question of knowing possession, the Court cannot say that the outcome of the trial would likely have been different had Rountree testified. Jackson has therefore failed to show prejudice under Strickland's second prong.

>    vi.   *Failure to prepare adequately for trial and for failing to object to the government's untimely disclosure of evidence*

Jackson contends that counsel was ineffective for inadequately preparing for trial and failing to object to the government's untimely disclosure of evidence.[5] (Doc. 1 at 7.) Neither claim is particularized, and Jackson provides no facts in support of either contention. Such conclusory allegations, devoid of factual support, are simply not enough to obtain relief

---

[5] Regarding the "untimely disclosure of evidence" component of this claim, Jackson states "Counsel failure to make statements excluded as sanction for district attorney untimely disclosure of evidence, procedural ground for exclusion." (Doc. 1 at 7.) This claim is far from a model of clarity. The Court's best guess is that Jackson is contending that counsel should have objected to government counsel's late disclosure of certain evidence.

under § 2255. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973)[6] (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations); see also Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations). Consequently, Jackson is not entitled to relief on these claims.

> vii. *Failing to prepare or present testimony regarding murder investigation*

Jackson contends that counsel was not prepared "to present testimony of detective and attorney concerning [his] murder investigation." (Doc. 1 at 7.) His contention is contrary to the record.

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. Consequently, Rodriguez is binding Eleventh Circuit precedent.

As noted above, the arresting officers recognized Jackson from a BOLO, which indicated that he was considered a "person of interest" in connection with a July 5, 2006 homicide. (Cr. Doc. 30; Cr. Doc. 94 at 59-60, 93-94.) After Jackson's arrest, Detective Hunt and Sergeant Izzo spent well over an hour interrogating him, primarily asking him about the homicide. (Cr. Doc. 94 at 70-90, 114-134.) During the interrogation, the officers elicited certain incriminating statements regarding the firearm found in the car at the time of his arrest. In response to one of the detective's questions, Jackson stated "[t]hat incident today, man, that's self explanatory. . . . [T]he reason I had that gun, . . . I had it for protection." (Id. at 42.) The government relied upon that statement during its case-in-chief.

Shortly before trial, counsel filed a motion in limine to exclude any evidence regarding the murder. (Cr. Docs. 40 & 53.) The trial judge granted the motion. (Cr. Doc. 64.) But at trial, it was clear that counsel's strategy had changed. Instead of excluding the evidence, his new strategy was to go into it in depth in order to give context to Jackson's damning admission. During opening statements, counsel stated that "[t]he evidence is going to show this investigation and this interrogation was about whether

Mr. Jackson was involved in gang violence that resulted in the death of someone. This was about a murder investigation[,] . . . [not] about whether or not Mr. Jackson had a firearm." (Cr. Doc. 94 at 11-12.) During the trial, counsel asked Sergeant Izzo on cross-examination about the murder investigation. (Id. at 44-45, 47.) During Jackson's case-in-chief, he called Detective Hunt to the stand and played Jackson's videotaped interrogation. (Id. at 70-90.) The interrogation was clearly focused on the homicide. Counsel played a longer excerpt from the interrogation at the end of Jackson's case-in-chief. (Id. at 114-134.) The record reveals that counsel did present evidence at trial about the murder investigation. Consequently, Jackson is simply mistaken in arguing that counsel failed to introduce that evidence at trial.

With respect to the alleged lack of preparation, Jackson does not particularize his claim. The only obvious "hickup" in counsel's presentation of the investigation was that he had difficulty using the courtroom's DVD player. (Cr. Doc. 94 at 92.) Counsel eventually succeeded in playing the portion of the DVD he wanted to show the jury. (Id. at 114-134.) As the segment was played, Jackson cannot show that he was

prejudiced by Counsel's failure to have mastered the DVD player prior to trial. As to any remaining issues regarding counsel's preparation, Jackson's claim is conclusory, failing to state a claim for § 2255 relief. <u>See</u> <u>Caderno</u>, 256 F.3d 1213, 1217 (11th Cir. 2001)

> viii. *Counsel was ineffective for failing to move to suppress violation of <u>Miranda</u> rights in a timely manner*

Jackson contends that counsel was ineffective for failing timely to seek the suppression of certain statements taken in violation of <u>Miranda</u>. (Doc. 1 at 7.) While it is true that counsel did not move to suppress on <u>Miranda</u> grounds until the eve of trial, the trial judge still permitted the motion and granted it in part. (Doc. 63.) Consequently, even if counsel performed deficiently by failing to move to suppress on that ground in the time period normally prescribed, Jackson cannot show prejudice, as the motion was actually ruled upon and granted. (<u>Id.</u>) Jackson was not prejudiced by the late filing of the motion, so his claim of ineffective assistance on this ground is without merit. <u>Strickland</u>, 466 U.S. at 696.

> ix. *Failing to notify the court that the arresting officers never asked for consent to search his vehicle and for failing to argue that the stop was pretextual*

Jackson contends that counsel was ineffective for failing to notify the court that the arresting officers never asked for consent to search his vehicle and for failing to acquire the police dispatch tape to show that the stop was pretextual. (Doc. 1 at 7.) Both grounds are meritless.

Regarding his first contention, the arresting officers did not need to ask for consent to search Jackson's car. The Eleventh Circuit held that "[u]pon finding the marijuana and arresting Jackson, the officers had full authority to search the vehicle." Jackson, 249 F. App'x at 133. As the Supreme Court has held, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981). As no constitutional violation occurred, counsel cannot be said to have performed deficiently for failing to raise this meritless argument.

Turning to his second contention, even if the police dispatch tape did prove that the stop was pretextual, it would simply be irrelevant under the facts of this case. It is undisputed that Jackson was not wearing his seatbelt when he drove past officer Brown. (Cr. Doc. 94 at 21-22.) Failure

to wear a seatbelt while driving is a traffic violation under Georgia law. O.C.G.A. § 40-8-76. Because Brown saw Jackson violating Georgia law, he had probable cause to stop his vehicle, and his subjective intentions simply do not affect the inquiry. Whren v. United States, 517 U.S. 806, 813 (1996). As the underlying constitutional claim is entirely without merit, counsel cannot be said to be ineffective for failing to obtain the police dispatch tape.

## C.  Denial of Due Process

Jackson contends that his due process rights were violated by: (1) the trial judge's failure to refer to state law governing the arrest; (2) the defense attorney's lack of preparation for trial and the denial of a continuance; (3) the government's failure to provide him with certain exculpatory evidence; and (4) the trial judge's refusal to require the state to produce the police dispatch tape.[7] He did not raise these grounds on appeal.[8] In Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004), the

---

[7] Jackson also contends that his due process rights were violated by the admission of the confession. (Doc. 1 at 8.) As noted above, the Eleventh Circuit found that the confession was properly admitted. Jackson, 249 F. App'x at 134. Recharacterizing the rejected claim as a due process claim does not merit a "second bite at the apple." Nyhuis, 211 F.3d at 1343. Consequently, the Court need not consider it. Id.

[8] On appeal, Jackson argued that: (1) the traffic stop and frisk violated his Fourth Amendment rights; (2) his statements in the subsequent interrogation were made involuntarily; (3) the district court abused its discretion in its response to certain jury

Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234. Because Jackson did not raise these grounds on appeal, they are barred from habeas review absent a showing that some exception to the procedural bar applies. Id.

A § 2255 movant can avoid the procedural default rule by establishing either (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or (2) a constitutional error that probably "resulted in the conviction of one who is actually innocent." Id. (citations and quotation marks omitted). Jackson makes no claim of actual innocence. Nor has he shown cause and prejudice excusing the default. His claims, therefore, are barred from habeas review.

---

questions; (4) the conviction was based upon insufficient evidence; and (5) he received ineffective assistance of counsel. Jackson, 249 F. App'x 130, 131. The claim of ineffective assistance of counsel was dismissed as premature. Id. at 135.

## III. CONCLUSION

For the foregoing reasons, Jackson's § 2255 motion should be **DENIED.**

**SO REPORTED AND RECOMMENDED** this 18th day of September, 2008.

_____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA